**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Prentis Walton, | * | |
| Jason McCullum, | * | |
| Victor Colbert, | * | |
| & | * | Case No. 3:18-cv-2936 |
| Justin Morel, | * | Judge |
| On behalf of themselves and those similarly situated, | * | **JURY DEMAND ENDORSED HEREON** |
| | * | |
| Plaintiffs, | * | |
| v. | * | |
| | * | |
| Oldcastle BuildingEnvelope, Inc. c/o Corporation Service Company 50 West Broad Street, Suite 1330 Columbus, Ohio 43215 | * | |
| | * | |
| Defendant. | * | |

## PLAINTIFFS' COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW

Now comes Plaintiffs Prentis Walton ("Named Plaintiff Walton" or "Walton"), Jason McCullum ("Named Plaintiff McCullum" or "McCullum"), Victor Colbert ("Named Plaintiff Colbert" or "Colbert"), and Justin Morel ("Named Plaintiff Morel" or "Morel") (collective hereinafter "Plaintiffs"), by and through undersigned counsel, on behalf of themselves and on behalf of other members of the general public similarly situated, for their Collective and Class Action Complaint against Oldcastle BuildingEnvelope, Inc. ("Oldcastle" or "Defendant") for its failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards

Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03, and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). Named Plaintiffs' FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b), while the Ohio Acts claims are asserted as a class action under Rule 23. The following collective and class action allegations are based on personal knowledge as to the Named Plaintiffs' own conduct and are made on information and belief as to the acts of others. Named Plaintiffs, individually and on behalf of others similarly situated, hereby state as follows:

I.      **JURISDICTION AND VENUE**

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for violations of the FLSA.

2.      This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio (the Ohio Acts) over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3.      Venue is proper in this forum pursuant to 28 U.S.C. §1391, as a substantial part of the events or omissions giving rise to his claims occurred in the Northern District of Ohio and Oldcastle's Ohio principal place of business and/or conducted substantial business in the Northern District of Ohio.

II.     **GENERAL FACTUAL ALLEGATIONS**

A. **Named Plaintiff Walton**

4.      Named Plaintiff Walton is an individual, United States citizen, and resident of a county within this judicial district.

5.    Walton worked as an hourly, non-exempt "employee" of Defendant as defined in the FLSA and the Ohio Acts, most recently in the position of crane operator. Walton was employed from August 1993 until June 2018.

6.    At all times relevant, Walton primarily performed non-exempt duties for Defendant.

7.    As more fully outlined below, Walton was not fully compensated for all overtime wages during the last three years of his employment.

**B.  Named Plaintiff McCullum**

8.    Named Plaintiff McCullum is an individual, United States citizen, and resident of a county within this judicial district.

9.    McCullum worked as an hourly, non-exempt "employee" of Defendant as defined in the FLSA and the Ohio Acts, most recently as a loader or operator. McCullum was employed from September, 2013 until January, 2018.

10.    At all times relevant, McCullum primarily performed non-exempt duties for Defendant.

11.    As more fully outlined below, McCullum was not fully compensated for all overtime wages during the last three years of his employment.

**C.  Named Plaintiff Colbert**

12.    Named Plaintiff Colbert is an individual, United States citizen, and resident of a county within this judicial district.

13.    Colbert worked as an hourly, non-exempt "employee" of Defendant as defined in the FLSA and the Ohio Acts in the positions of unloader and, most recently, machine operator from around October, 2015 until around June, 2018.

14.     At all times relevant, Colbert primarily performed non-exempt duties for Defendant.

15.     As more fully outlined below, Colbert was not fully compensated for all overtime wages during the last three years of his employment.

**D.  Named Plaintiff Justin Morel**

16.     Named Plaintiff Morel is an individual, United States citizen, and resident of a county within this judicial district.

17.     Named Plaintiff worked as an hourly, non-exempt "employee" of Defendant as defined in the FLSA and the Ohio Acts in the position of machine operator from around May, 2017 through the present.

18.     At all times relevant, Morel primarily performed non-exempt duties for Defendant.

19.     As more fully outlined below, Morel was not fully compensated for all overtime wages during the last three years of his employment.

20.     Named Plaintiffs bring this action on behalf of themselves and on behalf of those similarly situated and has given their written consent to bring this action to collect unpaid overtime compensation under the FLSA. Named Plaintiffs' consents are being filed along with the Complaint pursuant to 29 U.S.C. §216(b). (*Consents to be Party Plaintiffs*, attached hereto as **Exhibit A**). In addition, Named Plaintiffs are filing the consent to join forms of Opt-In Plaintiffs, Benjamin Ward (Ohio), Jacob Keene (Ohio), George Saunders III (Ohio), Ty Obenland (Indiana), Jordan Earlewine (Missouri), Damien Barber (Ohio), and Prentiss Gray (Ohio) (also attached hereto as **Exhibit B**).

### E. Defendant Oldcastle

21.     At all times relevant, Oldcastle is a foreign for-profit corporation authorized to do business in Ohio and regularly conducts business in this judicial district.

22.     Oldcastle designs, manufactures, and supplies building envelope solutions throughout the United States ranging from custom-engineered curtain walls and window walls, architectural windows, entrances, storefront systems, doors, skylights, and architectural and structural glass products.

23.     According to Oldcastle's own website, it operates in about 21 states with 37 different worksites throughout the United States.[1]

24.     As a result, at all times relevant, Oldcastle was an "employer" as that term is defined by the FLSA and the Ohio Acts due to its employment of Named Plaintiffs and those similarly situated as described herein.

25.     Upon information and belief, Defendant operated/operate and control an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

26.     Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that they were legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

---

[1] *See* https://obe.com/content/contact-us (last accessed December 10, 2018).

III.     **COLLECTIVE AND CLASS ACTION ALLEGATIONS**

27.     Upon information and belief, all of Defendant's hourly, non-exempt workers are subject to Defendant's timekeeping system, whereby each hourly, non-exempt worker "clocks in" using a personal identification code/finger scan at the beginning of the scheduled shift, begins working, and "clocks out" when the worker has completed the job duties for the shift.

28.     Examples of hourly, non-exempt employees of Defendant include, but are not limited to, production workers, operators, machine operators, crane operators, handlers, repair technicians, quality technicians, maintenance technicians, among others (all of Defendant's hourly, non-exempt employees collectively hereinafter "Timeclock Associates")

29.     During relevant times, Defendant suffered and/or permitted the Named Plaintiffs and those similarly situated Timeclock Associates to work more than forty (40) hours per workweek, while not fully compensating them for all such hours worked over forty (40) at a rate of at least one and one-half times their regular rate of pay as a result of Defendant's policies and procedures.

30.     Defendant maintains policies and procedures which require Timeclock Associates to be ready at their work stations, or if applicable ready at department meetings, at the start of their scheduled shift.[2] Although it was not always the case,[3] during the past three years, Defendant maintained a rule or policy that Timeclock Associates were unable to clock in more than 7 minutes before the start of their scheduled shift at the Perrysburg, Ohio plant (the "7-minute rule"). At

---

[2] Defendant's Attendance policy requires Timeclock Associates to be "properly dressed and at your work station ready for work when your shift starts." Defendant's Hours of Work and Overtime policy reinforces the notion stating "An employee must be at his work place properly dressed and ready for work at his shift start time and will remain at such work place and at work until his shift ends or until relieved. An employee may not use his work time to wash-up. All wash-up time must be done on the employee's own time either before the start or after the end of his scheduled shift or during lunch or break periods."

[3] Prior to the 7-minute early clock in rule, Timeclock Associates were permitted to clock in when they began performing their preparatory work.

Defendant's other locations, such as those worked by the Opt-In Plaintiffs, Timeclock Associates were subject to the same or substantially similar rules that they could not clock in for a period of time prior to the start of their scheduled shift even though they began performing work before they were able to clock in (together hereinafter the "Wage Theft Rule").

31.    In addition to the preceding, Defendant also maintains a (1) rounding policy and/or practice ("Rounding Policy"); and (2) requirement that the Timeclock Associates perform pre-shift work in the form of putting on safety/protective gear that is an essential part of the production process ("Donning") and preparing for their shift prior to clocking in ("Pre-Shift Preparation") (collectively hereinafter "Pre-Shift Off-the-Clock Work").

32.    Defendant's collective policies, procedures, and rules result in Pre-Shift Off-the-Clock Work for which Timeclock Associates are not compensated.

### Defendant's Unlawful Rounding Policy – Rounding to the Detriment of Oldcastle's Timeclock Associates

33.    During all times relevant, Defendant has operated worksites facilities, including in Ohio, with thousands of hourly, non-exempt Timeclock Associates subject to its policies and procedures.

34.    Timeclock Associates have certain integral and indispensable preparatory work that they must complete in order to perform their job.

35.    After Named Plaintiffs and similarly situated Timeclock Associates are done donning their personal safety/protective equipment ("PPE"), they clock in and clock out using a personal identification code, a finger scan, and/or some other recording method.

36.    Under federal regulations, rounding practices are only lawful so long as they are used in such a manner that will not result, over a period of time, in failure to compensate an

employer's employees properly for all the time they have actually worked. *See* 29 C.F.R. § 785.48(b).

37.     Upon information and belief, Defendant compensates employees for time worked to the nearest quarter hour.

38.     However, Defendant maintains a rule or policy that prohibits employees from clocking in more than 7 minutes prior to the start of their shift and in other locations the same or a substantially similar restriction. The Wage Theft Rule ensures that Timeclock Associates are not compensated for their time spent Donning prior to the start of their scheduled shift.

39.     Defendant's policies as described herein, including the unlawful Rounding Policy, have consistently resulted in unpaid overtime wages to Plaintiffs and the putative class members because it unlawfully reduces the compensable hours Defendant's Timeclock Associates work. As a result of the Rounding Policy, Timeclock Associates are only paid for less compensable hours than they actually work.

40.     Defendant's Timeclock Associates, including Named Plaintiffs, work without being fully compensated for their time spent working because of the Defendant's Rounding Policy consistently rounds or otherwise reduces Timeclock Associates compensable time worked to the benefit of Defendant.

41.     As such, by use of the unlawful Rounding Policy, Defendant has failed to fully compensate Plaintiffs and similarly situated hourly employees for all of the time they actually worked, including overtime hours.

42.     Plaintiffs and similarly situated Timeclock Associates have regularly engaged in principal activities, including tasks that are integral and indispensable to their principal activities,

before their scheduled start times and/or end times, but have not been properly compensated for the work performed because of Oldcastle's Rounding Policy.

43.    Defendant's Rounding Policy has disadvantaged Plaintiffs and similarly situated Timeclock Associates over time because Defendant has maintained this policy without ensuring that the rounding would average out so that Plaintiffs and similarly situated Timeclock Associates are fully compensated for all of the time they actually worked.

## Defendant's Unlawful Pre-Shift Off-the-Clock Work Practice

44.    Defendant's Timeclock Associates are required to be ready to begin working at the start of their scheduled shifts. Otherwise, they will be disciplined.

45.    During the three years preceding the filing of this Complaint, Defendant's Timeclock Associates, including Named Plaintiffs, have performed Donning / Pre-Shift Off-the-Clock Work that included putting on personal safety/protective equipment prior to clocking in. Plaintiffs' Donning is integral and indispensable to Defendant's principal activity because the safety/protective gear is necessary to the principal work performed and it is a primary benefit to Defendant given its line of business of designing, manufacturing, and supplying building envelope solutions poses safety risks as described above.

46.    Named Plaintiffs and similarly situated Timeclock Associates were required to arrive to work prior to clocking so that they could comply with Defendant's own policies and procedures which required that they be at their work stations ready to work at the start of their scheduled shifts.

47.    Named Plaintiffs and similarly situated Timeclock Associates are not compensated for all of the time they spend Donning and/or performing Pre-Shift Off-the-Clock Work, resulting

in unpaid overtime compensation and other wages during workweeks when they work at or near forty (40) hours in any workweek during the three years preceding the filing of this Complaint.

48.     Defendant was fully aware that its Timeclock Associates arrived and began working prior to their scheduled start times, but were not compensated for it, because Timeclock Associates were previously compensated for such time spent working prior to the adoption of the Wage Theft Rule and safety bonuses are directly tied to safe working conditions, which includes donning personal safety/protective equipment and preparing for their shift.

49.     Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio.

50.     During relevant times, Defendant had knowledge of and acted willfully in regards to its conduct described herein.

51.     Upon information and belief, for the three years preceding the Complaint, Defendant applied the same pay practices and policies to all hourly, non-exempt employees, including Named Plaintiffs.

**A.  216(b) Collective Action for Unpaid Overtime Wages.**

52.     Named Plaintiffs bring their FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of themselves and all other similarly situated Timeclock Associates of the opt-in class, consisting of:

> All current and former hourly, non-exempt employees of Defendant who, during any workweek within the three years preceding the filing of the instant Complaint, have: (1) "clocked in" or "clocked out" to keep track of their compensable hours worked; and (2) worked at least forty (40) hours in any workweek (the "§216(b) Class" or the "§216(b) Class Members").

53.     This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

54.     In addition to the Named Plaintiffs, the putative §216(b) Collective Class Members have been denied overtime compensation due to Defendant's widespread policies. Named Plaintiffs are representative of those other similarly situated employees and are acting on behalf of their interests as well as their own in bring this action.

55.     The identity of the putative §216(b) Class Members are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime wages, liquidated damages, attorneys' fees and costs under the FLSA.

56.     The net effect of Defendant's policies and practices as alleged herein is that Defendant willfully failed to fully and properly pay Named Plaintiffs and §216(b) Collective Class Members overtime wages. Thus, Defendant enjoyed substantial profits at the expense of the Named Plaintiffs and §216(b) Collective Class Members.

**B. Fed.R.Civ. P. 23 Class Action for Unpaid Overtime Wages.**

57.     Named Plaintiffs bring their Ohio Wage Act claims pursuant to Fed.R.Civ.P. 23 as a class action on behalf of themselves and all other similarly situated of the following class, consisting of:

> All current and former hourly, non-exempt employees of Defendant working in Ohio who, during any workweek within the three years preceding the filing of the instant Complaint, have: (1) "clocked in" or "clocked out" to keep track of their compensable hours; and (2) worked at least forty (40) hours in any workweek (the "Ohio Rule 23 Class", the "Rule 23 Class", or the "Ohio Rule 23 Class Members").

58.    The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

59.    Named Plaintiffs are members of the Ohio Rule 23 Class and their claims for unpaid wages are typical of the claims of other members of the Ohio Rule 23 Class.

60.    Named Plaintiffs will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

61.    Named Plaintiffs have no interest that is antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that they have undertaken to represent.

62.    Named Plaintiffs have retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

63.    Questions of law and fact are common to the Ohio Rule 23 Class.

64.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to their non-exempt employees.

65.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendant jointly acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiffs and the Ohio Rule 23 Class as a whole.

66.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

67.     Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendant violated the Ohio Wage Act by failing to fully pay the Ohio Rule 23 Class Members for hours worked in excess of forty hours per week as a result of Defendant's unlawful payroll policies and/or practices described above; (b) whether Defendant's violations of the Ohio Wage Act were knowing and willful; (c) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to the Named Plaintiffs and other members of the Ohio Rule 23 Class on account of Defendant's violations of the Ohio Wage Act; (d) whether Defendant satisfied its obligations under the recordkeeping laws of the State of Ohio; and (e) what amount of prejudgment interest is due to Ohio Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

68.     A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiffs' and the Ohio Rule 23 Class' claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Named Plaintiffs and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## IV.     CAUSES OF ACTION

### COUNT I
### (FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME)

69.     All of the preceding paragraphs are realleged as if fully rewritten herein.

70.     This claim is brought as part of a collective action by the Named Plaintiffs on behalf of themselves and the §216(b) Collective Class Members.

71.     During the three years preceding the Complaint, Defendant employed the Named Plaintiffs and the §216(b) Collective Class Members.

72.     Named Plaintiffs and the §216(b) Collective Class Members were paid on an hourly basis when working in non-exempt positions.

73.     Named Plaintiffs and the §216(b) Collective Class Members worked in excess of 40 hours in numerous workweeks during their employment.

74.     The FLSA requires that covered employees be compensated for every hour worked in a workweek, including overtime compensation for hours worked in excess of forty (40) per week.  *See* 29 U.S.C. §§ 206(b) and 207(a)(1).

75.     Named Plaintiffs and the §216(b) Collective Class Members were not exempt from receiving FLSA overtime compensation.

76.     Named Plaintiffs and the §216(b) Collective Class Members worked in excess of forty hours during one or more workweeks within the relevant time period described herein.

77.     Defendant violated the FLSA with respect to Named Plaintiffs and the §216(b) Class by, *inter alia*, failing to compensate them at one-and-one-half times their regular rates of pay for all hours worked over forty (40) hours in a workweek because of Defendant's policies or practices as set forth above.

78.     Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiffs and the §216(b) Class Members are entitled.

79.     Defendant knowingly and willfully maintained unlawful policies or practices which led to its failure to pay Named Plaintiffs and the §216(b) Class Members overtime wages they were due.

80.     The exact total amount of compensation, including overtime compensation, that Defendant failed to pay Named Plaintiffs and the §216(b) Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant and/or were not kept by Defendant.

81.     As a direct and proximate result of Defendant's conduct, Named Plaintiffs and the §216(b) Class Members have suffered and continue to suffer damages. Named Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves, and the §216(b) Class Members.

## <u>COUNT II</u>
### (R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME)

82.     All of the preceding paragraphs are realleged as if fully rewritten herein.

83.     This claim is brought under Ohio law, which incorporates the FLSA without limitation.

84.     The Named Plaintiffs and the Ohio Rule 23 Class Members have been employed by Defendant and Defendant is an "employer" covered by the overtime requirements under Ohio law.

85.     Ohio law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937."  *See* R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

86.     While employed by Defendant, the Named Plaintiffs and the Ohio Rule 23 Class Members worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but were not fully paid overtime wages for all such hours because of Defendant's policies or practices as set forth above.

87.     Defendant's companywide policies or practices led to the failure to pay Named Plaintiffs and the Ohio Rule 23 Class Members overtime for all compensable hours worked in excess of 40 in a workweek as described above.

88.     The Named Plaintiffs and the Ohio Rule 23 Class were not exempt from the wage protections of Ohio law.

89.     Defendant's repeated and knowing failure to pay overtime wages to the Named Plaintiffs and the Ohio Rule 23 Class Members were violations of R.C. §4111.03, and as such, Defendant willfully withheld and failed to pay the overtime compensation to which the Named Plaintiffs and the Ohio Rule 23 Class Members are entitled.

90.     For Defendant's violations of R.C. §4111.03, the Named Plaintiffs and the Ohio Rule 23 Class Members have suffered and continue to suffer damages. The Named Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves and the Ohio Rule 23 Class Members.

## <u>COUNT III</u>
### (R.C. § 4113.15 – RULE 23 CLASS ACTION FOR VIOLATIONS OF THE OHIO PROMPT PAY ACT)

91.     All of the preceding paragraphs are realleged as if fully rewritten herein.

92.     During relevant times, Named Plaintiffs and the Ohio Rule 23 Class Members have been employed by Defendant.

93.     During relevant times, Defendant was an entity covered by the OPPA and the Named Plaintiffs and the Ohio Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

94.     The OPPA requires Defendant to pay Named Plaintiffs and Ohio Rule 23 Class all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* R.C. § 4113.15(A).

95.     During relevant times, Named Plaintiffs and the Ohio Rule 23 Class were not paid all wages, including overtime wages at one and one-half times their regular rate of pay as described herein within thirty (30) days of performing the work. *See* R.C. § 4113.15(B).

96.     The Named Plaintiffs and the Ohio Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

97.     The Named Plaintiffs and the Ohio Rule 23 Class Members have been harmed and continue to be harmed by such unpaid wages.

98.     In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

## COUNT IV
### (RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT)

99.     All of the preceding paragraphs are realleged as if fully rewritten herein.

100.    The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* R.C. § 4111.08. *See also*, 29 C.F.R. §§ 516.2 *et seq.*

101.    During times material to this complaint, Defendant was an "employer," and required to comply with the Ohio Wage Act's mandates.

102.    Plaintiffs and the Rule 23 Class Members were covered employees entitled to the protection of the Ohio Wage Act.

103.    During times material to this complaint, Defendant violated the Ohio Wage Act with respect to Plaintiffs and the Rule 23 Class Members by failing to properly maintain accurate records of all hours Plaintiffs and the Rule 23 Class Members worked each workday and within each workweek.

104.    In violating the Ohio Wage Act, Defendant acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

**V.      PRAYER FOR RELIEF**

**WHEREFORE**, as to **Count I**, Named Plaintiffs and other members of the § 216(b) Class pray for an Order against Defendant as follows:

A.      Certifying the proposed FLSA collective action;

B.      Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the §216(b) Class apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

C.      A declaratory judgment that Defendant's wage and hour policies and/or practices as alleged herein violate the FLSA;

D.      An order for injunctive relief ordering Defendant to end all of the illegal wage policy and practice alleged herein pursuant to the FLSA and attendant regulations and requiring Defendant to follow such laws going forward;

E.      Judgment against Defendant for damages for all unpaid overtime compensation owed to Named Plaintiffs and the §216(b) Class during the applicable statutory period under the FLSA and continuing through trial;

F.      Judgment against Defendant for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Named Plaintiffs and all other similarly situated employees during the applicable statutory period under the FLSA and continuing through trial;

G.      Directing Defendant to pay reasonable attorney's fees and all costs;

H.      Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

I.      Judgment for all civil penalties to which Named Plaintiffs and all other similarly situated employees may be entitled; and

J.      Such other and further relief as to this Court may deem necessary, just or proper.

**WHEREFORE**, as to **Counts II, III, and IV**, Named Plaintiffs request judgment against Defendant for violations of the Ohio Acts, and for an Order as follows:

K.      A declaratory judgment that Defendant's wage and hour policies and practices as alleged herein violate the Ohio Wage Act with respect to the non-payment of overtime and violations of the OPPA;

L.      An order for injunctive relief ordering Defendant to end all of the illegal wage policy and practice alleged herein pursuant to the Ohio Wage Act and the OPPA, and requiring Defendant to follow such laws going forward;

M.      An Order certifying the proposed Ohio Rule 23 Class under the Ohio Wage Act and the OPPA;

N.      Directing Defendant, at its own expense, to investigate and account for the number of hours actually worked by Plaintiffs and the putative class and collective members per week, and because Defendant failed to keep accurate records in accordance with Ohio Law, Plaintiffs and the Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

O.      Awarding to the Named Plaintiffs and the Ohio Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio law;

P.      Awarding Named Plaintiffs and the Ohio Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

Q.      Awarding judgment against Defendant for liquidated damages pursuant to the OPPA in an amount equal to six percent (6%) of all unpaid overtime compensation owed to the Named Plaintiffs and the Ohio Rule 23 Class Members during the applicable statutory period; and

R.      Awarding Named Plaintiffs, the Ohio Rule 23 Class Members such other and further relief as the Court deems necessary, just, or proper.

Respectfully submitted,

*/s/ Matthew J.P. Coffman*    */s/ Daniel I. Bryant*
Matthew J.P. Coffman (0085586)  Daniel I. Bryant (0090859)
**COFFMAN LEGAL, LLC**    **Bryant Legal, LLC**
1550 Old Henderson Road    1550 Old Henderson Road
Suite 126          Suite 126
Columbus, Ohio 43220     Columbus, Ohio 43220
Phone: 614-949-1181     Phone: 614-704-0546
Fax: 614-386-9964      Fax: 614-573-9826
Email: mcoffman@mcoffmanlegal.com Email: dbryant@bryantlegalllc.com

*Attorneys for Named Plaintiffs and those similarly situated*

## JURY DEMAND

Plaintiffs request a trial by a jury of twelve (12) persons.

/s/ Matthew J.P. Coffman
Matthew J.P. Coffman