## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **PRENTIS WALTON**, *et al.*, on behalf of themselves and those similarly situated, | * | |
| | * | |
| Plaintiffs, | | CASE NO. 3:18-cv-2936 |
| | * | |
| | | JUDGE JAMES G. CARR |
| vs. | * | |
| | | **JURY DEMAND ENDORSED HEREON** |
| | * | |
| **OLDCASTLE BUILDINGENVELOPE, INC.**, | * | |
| Defendant. | * | |

### PLAINTIFFS' FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW

Now come Plaintiffs Prentis Walton ("Named Plaintiff Walton" or "Walton"), Jason McCullum ("Named Plaintiff McCullum" or "McCullum"), Victor Colbert ("Named Plaintiff Colbert" or "Colbert"), and Justin Morel ("Named Plaintiff Morel" or "Morel") (collectively hereinafter "Plaintiffs"), by and through undersigned counsel, on behalf of themselves and on behalf of others similarly situated, for their First Amended Collective and Class Action Complaint[1] against Oldcastle BuildingEnvelope, Inc. ("Oldcastle" or "Defendant") state and allege as follows:

### INTRODUCTION

1.      This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio overtime compensation

---

[1] Plaintiffs are filing the First Amended Complaint pursuant to Fed.Civ.R. 15(a)(2). On March 13, 2019, Plaintiffs requested Defendant's written consent to file the First Amended Complaint. On March 19, 2019, Defendant provided its written consent.

statute, Ohio Rev. Code Ann. § 4111.03 (the "Ohio Wage Act"), and failure to time pay Ohio wages under the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15.

2.     Named Plaintiffs bring this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Named Plaintiffs bring this case on behalf of themselves and other "similarly-situated" persons who may join this case pursuant to § 216(b) (the "FLSA Class"). Named Plaintiffs have given their written consent to bring this action to collect unpaid overtime compensation under the FLSA. Named Plaintiffs' consents have been filed with this Court pursuant to 29 U.S.C. §216(b).[2]

3.     Named Plaintiffs also bring this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and other members of a class of persons, defined herein, who assert factually-related claims under Ohio law (the "Ohio Class").

**JURISDICTION AND VENUE**

4.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for violations of the FLSA.

5.     This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the Ohio Wage Act, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

6.     Venue is proper in this forum pursuant to 28 U.S.C. §1391, as a substantial part of the events or omissions giving rise to his claims occurred in the Northern District of Ohio and

---

[2] ECF No. 1-1. In addition to the Named Plaintiffs' consents, other Opt-In Plaintiffs' consents have been filed in this action for employees who worked in Ohio and elsewhere.

Oldcastle's Ohio principal place of business and/or conducted substantial business in the Northern District of Ohio.

## PARTIES

7.     Named Plaintiff Walton is an individual, United States citizen, and resident of a county within this judicial district.

8.     At all times relevant herein, Named Plaintiff Walton worked as an hourly, non-exempt "employee" of Defendant as defined in the FLSA and the Ohio Acts. Walton was employed by Defendant as an hourly, non-exempt employee from approximately August 1993 until June 2018. Walton most recently worked as a crane operator.

9.     As more fully outlined below, Walton was not fully compensated for all overtime wages during the last three years of his employment.

10.     Named Plaintiff McCullum is an individual, United States citizen, and resident of a county within this judicial district.

11.     At all times relevant herein, Named Plaintiff McCullum worked as an hourly, non-exempt "employee" of Defendant as defined in the FLSA and the Ohio Acts. McCullum was employed by Defendant as an hourly, non-exempt employee from approximately September 2013 until January 2018. McCullum most recently worked as a loader or operator.

12.     As more fully outlined below, McCullum was not fully compensated for all overtime wages during the last three years of his employment.

13.     Named Plaintiff Colbert is an individual, United States citizen, and resident of a county within this judicial district.

14.     At all times material herein, Named Plaintiff Colbert worked as an hourly, non-exempt "employee" of Defendant as defined in the FLSA and the Ohio Acts.  Colbert was

employed by Defendant as an hourly non-exempt employee from approximately October 2015 until approximately June 2018. Colbert most recently worked as a machine operator.

15. As more fully outlined below, Colbert was not fully compensated for all overtime wages during the last three years of his employment.

16. Named Plaintiff Morel is an individual, United States citizen, and resident of a county within this judicial district.

17. At all times material herein, Named Plaintiff Morel worked as an hourly, non-exempt "employee" of Defendant as defined in the FLSA and the Ohio Acts. Morel worked in the position of machine operator from around May 2017 through the present.

18. As more fully outlined below, Morel was not fully compensated for all overtime wages during the last three years of his employment.

19. Named Plaintiffs and those similarly situated as described herein were "employees" of Defendant as that term is defined by the FLSA and the Ohio Acts.

20. At all times relevant, Oldcastle is a foreign for-profit corporation authorized to do business in Ohio and regularly conducts business in this judicial district.

21. Oldcastle designs, manufactures, and supplies building envelope solutions throughout the United States ranging from custom-engineered curtain walls and window walls, architectural windows, entrances, storefront systems, doors, skylights, and architectural and structural glass products.

22. According to Oldcastle's own website, it operates in about 23 states with worksites throughout the United States.[3]

---

[3] *See* https://obe.com/content/contact-us (last accessed March 7, 2019).

23. As a result, at all times relevant, Oldcastle was an "employer" as that term is defined by the FLSA and the Ohio Acts.

24. Defendant is  an enterprise, and employs employees, engaged in commerce or in the production of goods for commerce, or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

25. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that they were legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

## HOURLY EMPLOYEES' COMPENSATION

26. Named Plaintiffs, the Opt-In Plaintiffs, the FLSA Class and the Ohio Class are current or formerly hourly, non-exempt employees of Defendant.

27. Named Plaintiffs, the Opt-In Plaintiffs, the FLSA Class and the Ohio Class frequently worked more than forty (40) hours in a single workweek, entitling them to overtime compensation under the FLSA and the Ohio Wage Act.

28. Named Plaintiffs, the Opt-In Plaintiffs, the FLSA Class and the Ohio Class were not paid all of the overtime compensation they earned as a result of Defendant's companywide (1) improper rounding practice and (2) failure to pay for time spent donning personal protective equipment.

29. Specifically, even though Defendant's electronic timekeeping system tracks the exact minute Named Plaintiffs, the Opt-In Plaintiffs, the FLSA Class and the Ohio Class clock in and out, Defendant has a uniform companywide policy that improperly rounds the Named

Plaintiffs', the Opt-In Plaintiffs', the FLSA Class' and the Ohio Class' punch in and punch out times. This uniform companywide policy has the net effect of almost always undercompensating Named Plaintiffs, the Opt-In Plaintiffs, the FLSA Class and the Ohio Class for hours worked.  For example, Defendant rounded Named Plaintiffs' and Opt-In Plaintiffs' clock in time in a manner that resulted in Named Plaintiffs and Opt-In Plaintiffs being undercompensated for hours worked 95% of the time.

30.     In addition, Named Plaintiffs, the Opt-In Plaintiffs, the FLSA Class and the Ohio Class were required to don personal protective equipment before clocking in.  It was required that these activities take place at Defendant's place of business.

31.     The time that Named Plaintiffs, the Opt-In Plaintiffs, the FLSA Class and the Ohio Class spent donning their personal protective equipment was an integral and indispensable part of their principal work activities.  This donning was performed for the Defendant's benefit in that it helped keep the Defendant's facility safe and promoted a more safe and efficient work environment.

32.     Even though it took approximately 5-10 minutes or more to don their personal protective equipment, Named Plaintiffs, the Opt-In Plaintiffs, the FLSA Class and the Ohio Class were not compensated for any of the time they spend/spent donning their personal protective equipment.

33.     Defendant's practice improper rounding practice described herein has resulted in Named Plaintiffs, the Opt-In Plaintiffs, the FLSA Class and the Ohio Class being underpaid for overtime hours worked on a weekly basis.

34.     Named Plaintiffs, the Opt-In Plaintiffs, the FLSA Class and the Ohio Class were full time employees regularly scheduled to work 40 hours a week or more. Thus, by failing to pay Named Plaintiffs, the Opt-In Plaintiffs, the FLSA Class and the Ohio Class for all the work they

performed, Defendant denied Named Plaintiffs, the Opt-In Plaintiffs, the FLSA Class and the Ohio Class all their overtime in nearly every week in which they worked.

## COLLECTIVE ACTION ALLEGATIONS

35.     Named Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

36.     Named Plaintiffs bring this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

37.     The FLSA Class who are "similarly situated" to Named Plaintiffs with respect to Defendant's FLSA violations consist of:

> **All present and former hourly employees of Defendant during the period three (3) years preceding the commencement of this action through its final disposition who worked more than forty (40) hours in one or more workweeks**.

38.     Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay its employees for all hours worked, and all have the same claims against Defendant for unpaid wages and overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

39.     Conditional certification of this case as a collective action pursuant to 29 U.S.C. §216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

40.     Named Plaintiffs cannot yet state the exact number of similarly-situated persons. Such persons are readily identifiable through the payroll records Defendant has maintained, and

was required to maintain, pursuant to the FLSA and Ohio law.  29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## CLASS ACTION ALLEGATIONS
### (Ohio Class)

41.     Named Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

42.     Named Plaintiffs also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> **All present and former hourly employees of Defendant during the period two (2) years preceding the commencement of this action through its final disposition who worked more than forty (40) hours in one or more workweeks.**

43.     The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiffs cannot yet state the exact number of class members but avers, upon information and belief, that it consists of over 100 people.  The number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law.  29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

44.     There are questions of law or fact common to the Ohio Class, including but not limited to:

Whether Defendant failed to pay Named Plaintiffs and the Ohio Class members for all hours worked in excess of 40 in a workweek?

Whether Defendant's rounding and donning practices are lawful?

Whether Defendant kept adequate records of the hours worked by Named Plaintiffs and the Ohio Class?

45.     Named Plaintiffs' claims are typical of the claims of other members of the Ohio Class.  Named Plaintiffs' claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

46.     Named Plaintiffs will fairly and adequately protect the interests of the Ohio Class. Named Plaintiffs' interests are not antagonistic to, but rather are in unison with, the interests of other class members.  Named Plaintiffs' counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

47.     The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members.  The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

48.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources.  Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

49.     Named Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

50. Named Plaintiffs bring this claim for violation of the FLSA's overtime provisions on behalf of themselves, the Opt-Ins have joined this case, and the FLSA Class pursuant to 29 U.S.C. § 216(b). Named Plaintiffs' written consents to becoming a party to this action pursuant to § 216(b) have been filed or will be filed with the Court.

51. Defendant is an "employer" as that term is defined in the FLSA.

52. Named Plaintiffs, Opt-In Plaintiffs and the FLSA Class are "employees" of Defendant as that term is defined in the FLSA.

53. The FLSA requires that non-exempt employees be paid at a rate of one and one-half times their regular rate for every hour worked in excess of 40 in a workweek.

54. Defendant failed to pay Named Plaintiffs, the Opt-Ins Plaintiffs and the FLSA Class overtime compensation for all hours worked in excess of forty in a workweek.

55. Instead, Defendant has a companywide policy of failing to pay its employees, including Named Plaintiffs, Opt-In Plaintiffs and the FLSA Class for all time worked in that its rounding routinely resulted in them working hours for which they were not compensated.

56. Moreover, Defendant has a companywide policy of failing to pay its employees, including Named Plaintiffs, Opt-In Plaintiffs and the FLSA Class for all time worked in that it did not pay them for time they spent donning personal protective equipment.

57. These practices resulted in Named Plaintiffs, Opt-In Plaintiffs and the FLSA Class receiving less overtime compensation than they were owed.

58. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

59. As a result of Defendant's violations of the FLSA, Named Plaintiffs, Opt-In Plaintiffs and the FLSA Class were injured in that they did not receive overtime compensation due

to them pursuant to the FLSA.  29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages."  Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

60.     Named Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

61.     Named Plaintiffs bring this claim for violation of the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, on behalf of themselves and the Ohio Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

62.     At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

63.     Defendant violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, by failing to pay all overtime compensation to its hourly workers including Named Plaintiffs and the Ohio Class.

64.     Defendant failed to pay Named Plaintiffs and the Ohio Class overtime compensation for all hours worked in excess of forty in a workweek.

65.     Instead, Defendant has a companywide policy of failing to pay its employees, including Named Plaintiffs and the Ohio Class for all time worked in that its rounding routinely resulted in them working hours for which they were not compensated.

66.     Moreover, Defendant has a companywide policy of failing to pay its employees, including Named Plaintiffs and the Ohio Class for all time worked in that it did not pay them for time they spent donning personal protective equipment.

Page **11** of **16**

67. These practices resulted in Named Plaintiffs and the Ohio Class receiving less overtime compensation than they were owed.

68. Ohio Rev. Code Ann. § 4111.10(A) provides that Defendant, having violated § 4111.03, is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

**COUNT THREE**
**(Ohio OPPA Violations)**

69. Named Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

70. During relevant times, Named Plaintiffs and the Ohio Class have been employed by Defendant.

71. During relevant times, Defendant was an entity covered by the OPPA and the Named Plaintiffs and the Ohio Class have been employed by Defendant within the meaning of the OPPA.

72. The OPPA requires Defendant to pay Named Plaintiffs and Ohio Class all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* R.C. § 4113.15(A).

73. During relevant times, Named Plaintiffs and the Ohio Class were not paid all wages, including overtime wages at one and one-half times their regular rate of pay as described herein within thirty (30) days of performing the work. *See* R.C. § 4113.15(B).

74.     The Named Plaintiffs and the Ohio Class' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

75.     The Named Plaintiffs and the Ohio Members have been harmed and continue to be harmed by such unpaid wages.

76.     In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Named Plaintiffs pray for an Order against Defendant as follows:

A.     Certifying the proposed FLSA collective action;

B.     Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Class apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

C.     A declaratory judgment that Defendant's wage and hour policies and/or practices as alleged herein violate the FLSA;

D.     An order for injunctive relief ordering Defendant to end all of the illegal wage policy and practice alleged herein pursuant to the FLSA and attendant regulations and requiring Defendant to follow such laws going forward;

E.     Judgment against Defendant for damages for all unpaid overtime compensation owed to Named Plaintiffs, the Opt-In Plaintiffs and the FLSA Class during the applicable statutory period under the FLSA and continuing through trial;

F.     Judgment against Defendant for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Named Plaintiffs, the Opt-In Plaintiffs

and the FLSA Class during the applicable statutory period under the FLSA and continuing through trial;

G.      Directing Defendant to pay reasonable attorney's fees and all costs;

H.      Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

I.      A declaratory judgment that Defendant's wage and hour policies and practices as alleged herein violate the Ohio Wage Act with respect to the non-payment of overtime;

J.      An order for injunctive relief ordering Defendant to end all of the illegal wage policy and practice alleged herein pursuant to the Ohio Wage Act, and requiring Defendant to follow such laws going forward;

K.      An Order certifying the proposed Ohio Class;

L.      Awarding to the Named Plaintiffs and the Ohio Class unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio law, including but not limited to liquidated damages under OPPA;

M.      Awarding Named Plaintiffs and the Ohio Class costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

N.      Awarding Named Plaintiffs and the Ohio Class prejudgment and post-judgment interest; and

O.      Awarding Named Plaintiffs, Opt-In Plaintiffs, the Ohio Class and the FLSA Class such other and further relief as the Court deems necessary, just, or proper.

Respectfully submitted,

| | |
|---|---|
| */s/ Matthew J.P. Coffman* | */s/ Daniel I. Bryant* |
| Matthew J.P. Coffman (0085586) | Daniel I. Bryant (0090859) |
| **COFFMAN LEGAL, LLC** | **Bryant Legal, LLC** |
| 1550 Old Henderson Road | 1550 Old Henderson Road |
| Suite 126 | Suite 126 |
| Columbus, Ohio 43220 | Columbus, Ohio 43220 |
| Phone: 614-949-1181 | Phone: 614-704-0546 |
| Fax: 614-386-9964 | Fax: 614-573-9826 |
| Email: mcoffman@mcoffmanlegal.com | Email: dbryant@bryantlegalllc.com |
| | |
| Hans A. Nilges (0076017) | Robi J. Baishnab (0086195) |
| Shannon M. Draher (0074304) | **Nilges Draher LLC** |
| **Nilges Draher LLC** | 34 N. High St., Ste. 502 |
| 7266 Portage Street, N.W., Suite D | Columbus, OH 43215 |
| Massillon, OH 44646 | Telephone:     (614) 824-5770 |
| Telephone:     (330) 470-4428 | Facsimile:     (330) 754-1430 |
| Facsimile:     (330) 754-1430 | Email: rbaishnab@ohlaborlaw.com |
| Email: hans@ohlaborlaw.com | |
|          sdraher@ohlaborlaw.com | |

*Attorneys for Named Plaintiffs and those similarly situated*

## JURY DEMAND

Plaintiffs request a trial by a jury of twelve (12) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman

Page **15** of **16**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 20, 2019, the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman

Counsel for Plaintiffs