IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| PRENTIS WALTON, *et al.*, on behalf of themselves and those similarly situated, | ) ) ) Case No. 3:18-cv-2936 |
| Plaintiffs, | ) ) ) JUDGE JAMES G. CARR |
| v. | ) ) **ORDER GRANTING JOINT MOTION** |
| | ) **FOR APPROVAL OF SETTLEMENT** |
| OLDCASTLE BUILDINGENVELOPE, INC., | ) **AND OF DISMISSAL WITH** |
| | ) **PREJUDICE** |
| Defendant. | ) |

This matter is before the Court on the Parties' Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice ("Joint Motion") pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).  The Joint Motion asks the Court to approve as fair and reasonable, the proposed Settlement reached by the Parties and memorialized in the Settlement Agreement and Release ("Settlement Agreement"), which is attached to the Joint Motion as Exhibit 1.

Having reviewed the Joint Motion and its exhibits, the Settlement Agreement, the supporting Declarations, and the pleadings and papers on file in this action, and for good cause established therein, the Court enters this Stipulated Order of Dismissal and Approving Settlement, and in doing so, the Court approves the  Settlement Agreement, the proposed Notice, the proposed Consent and Release Form, the proposed allocation and calculation of payments for those who opt-in, and the proposed attorneys' fees and expense reimbursements to Class Counsel as follows:

1.      The captioned action asserts collective wage-and-hour claims under the FLSA, 29 U.S.C. § 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, and the Ohio Prompt Pay Act (R.C. §4113.15), on behalf of current and former hourly production employees who worked for Defendant at its glass fabrication facilities in Perrysburg, Ohio, Tampa, Florida, Indianapolis,

Indiana, and Warrenton, Missouri and its metal fabrication facility in Midway, Tennessee and who: (1) were required to don PPE at or near the scheduled start of their shift; (2) were subject to the 15-7 rounding rule; and (3) were not permitted to clock in more than seven minutes prior to the scheduled start of their shifts from March 14, 2017 to September 12, 2019.

2. On December 20, 2018, Named Plaintiffs Prentis Walton, Jason McCullum, Victor Colbert, and Justin Morel commenced this Litigation by filing a complaint in the U.S. District Court for the Northern District of Ohio, Case No. 3:18-cv-02936-JGC.[1] In the complaint, Named Plaintiffs asserted violations of the FLSA, the Ohio Minimum Fair Wage Standards Act, and the Ohio Prompt Pay Act (R.C. §4113.15) on behalf of themselves and other individuals who had been employed by Oldcastle BuildingEnvelope, Inc. (OBE). On March 20, 2019, the First Amended Complaint was filed alleging that Named Plaintiffs and Opt-In Plaintiffs were not properly paid overtime wages for working over 40 hours in a week because they were not paid for pre-shift donning of certain safety and protective equipment and because OBE unlawfully rounded employees' time worked.[2]

3. On September 19, 2019, this Court granted the Parties' Joint Stipulation for Conditional Certification, Notice, Due Diligence Exchange and Mediation (filed on September 12, 2019) and conditionally certified a FLSA collective that includes "all former and current hourly production employees who worked for Defendant at its glass fabrication facilities in Perrysburg, Ohio, Tampa, Florida, Indianapolis, Indiana, and Warrenton, Missouri and its metal fabrication facility in Midway, Tennessee and who: (1) were required to don PPE at or near the scheduled start of their shift; (2) were subject to the 15-7 rounding rule; and (3) were not permitted to clock in more than seven minutes prior to the scheduled start of their shifts" during the period of two

---

[1] ECF No. 1.
[2] ECF No. 15.

and a half years preceding the date this Stipulation is filed—or from March 14, 2017 to September 12, 2019.[3]

4. The Parties have exchanged detailed information and documents and conducted detailed legal and factual analyses of the Named Plaintiffs' and Opt-In Plaintiffs' claims and Defendant's defenses.

5. On December 4, 2019, the Parties engaged in an all-day mediation session under the direction of mediator Lynn Cohn, Esq., an experienced class and collective action mediator. The Parties' mediation discussions and settlement negotiations have culminated in Settlement.

6. The Settlement will cover Representative Plaintiff and Settlement Class members who elect to participate in the Settlement by signing and returning Consent and Release Forms, attached as Exhibit A to the Settlement Agreement.

7. The Settlement Class Members may return Consent and Release Forms within <u>60 days</u> after the mailing of the Notice.

8. The Settlement Agreement provides that, in consideration of settlement payments, the action is to be dismissed with prejudice.

9. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the Settlement resulted from arms'-length negotiations between experienced counsel after substantial investigation, and mediation before a competent third-party neutral.

10. Class Counsel has informed the Court that they believe the Settlement is fair, reasonable and adequate and in the best interests of the Representative Plaintiffs and Settlement Class Members. The Court has considered all relevant facts, including the risk, complexity,

---

[3] ECF Nos. 34 and 35.

expense and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the experience and views of counsel for the Parties.

11. The Court approves the Settlement Agreement, the proposed Notice, and the proposed Consent and Release Form, and orders that the Settlement be implemented according to the terms and conditions of the Settlement Agreement and as directed herein. The Court grants final approval of the Settlement as to the Representative Plaintiffs and all Settlement Class Members who elect to participate in the Settlement by signing and returning a Consent and Release Form.

12. The Court finds that the proposed allocation and calculation of payments for those who opt-in are fair and reasonable, and subject to the terms and conditions, set forth in the Settlement Agreement.

13. The Court approves the payment of attorneys' fees and expense reimbursements to Class Counsel as provided in the Settlement Agreement, and orders that such payments be distributed in the manner, and subject to the terms and conditions set forth in the Settlement Agreement.

14. The Court approves the payment of the additional Service Payments to the Representative Plaintiffs, which constitutes an award for serving as the representative plaintiffs in this action and constitutes additional consideration for the promises made by Representative Plaintiffs in the Settlement Agreement. Further, the Court orders that such Service Payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

15. The Court dismisses the claims of the Representative Plaintiffs and Settlement Class Members who sign and return Consent and Release Forms with prejudice, and enters final

judgment dismissing them from the action. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Stipulated Order of Dismissal and Approving Settlement immediately.

16. The Court retains jurisdiction over the action to enforce the terms of the Settlement, including the notice administration, addition of Class Members and the distribution process.

**SO ORDERED:**

Date: __3/2/2020_____        __s/James G. Carr_____
                                    Honorable James G. Carr
                                    United States District Court Judge